GULF, BEAUMONT & KANSAS CITY RAILWAY COMPANY v.
E. W. O'NEILL.

Decided May 8, 1903.

**1.—Amendment—New Cause of Action—Limitations.**

In an action for personal injuries an amended petition filed more than two years after the accident, asking only for greater damages and elaborating the allegations as to defendant's negligence and the causes and manner of the accident, did not set up a new cause of action subject to the bar of limitations.

**2.—Practice—Trial—Harmless Error.**

In an action for personal injury the overruling of special exceptions complaining of a failure to itemize a physician's bill and bill for medicines was harmless error where the issue of liability upon these items was not submitted to the jury.

**3.—Assignment of Error—Excessive Verdict—Remittitur.**

Where the trial court required a remittitur, which was made, an assignment of error complaining of the verdict only as being excessive, does not complain that the judgment as affected by the remittitur is excessive.

**4.—Verdict—Excessiveness—Remittitur.**

Where a verdict excessive in amount is reduced by remittitur in the trial court to an amount not excessive, the judgment thereon will not be reversed on the ground that its excessiveness shows that the jury was influenced by passion and prejudice which must have affected the verdict not only as to the amount, but also on the issue of liability. Following Gulf C. & S. F. Ry. Co. v. Darby, 28 Texas Civ. App., 413.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*Lanier & Martin,* for appellant.

*J. R. Norton, Ed. Haltom,* and *W. L. Douglass,* for appellee.

GILL, ASSOCIATE JUSTICE.—On the 16th day of August, 1899, a collision occurred at the intersection of the Gulf, Beaumont & Kansas

City Railroad with the Texas & New Orleans Railroad in about one-half mile of the city of Beaumont, between one of the trains of appellant and one of the Texas & New Orleans Company. As a result the appellee, a brakeman on the Texas & New Orleans train, was injured, and has sued the appellant for damages. He ascribes the wreck to the negligence of appellant in two respects: First. In failing to stop its train as required by law before undertaking to cross the Texas & New Orleans track. Second. In failing to stop its train such a distance from the crossing as ordinary prudence would require, and in running the train at a high rate of speed and without keeping a look-out for the other train.

After general demurrer and special exceptions, which were overruled by the court, the appellant defended under a general denial, and special plea to the effect that the collision was due to the negligence of the other company.

A trial by jury resulted in a verdict for $20,000, upon which, after a remitter of $5000 required by the court, judgment was rendered in favor of appellee for $15,000.

The facts as established by the verdict are as follows: The appellant's line of railroad crosses the road of the Texas & New Orleans Railway Company in Jefferson County at a point 666 feet from the crossing of appellant's road with that of the Sabine & East Texas Railway Company. On the occasion in question, appellant's employes in charge of one of its freight trains were proceeding to cross with the train the Sabine & East Texas and Texas & New Orleans crossings. The train consisted of engine, tender and twenty-two cars of sawlogs, and its length was approximately 1000 feet. It crossed the first crossing without accident, but in proceeding across the Texas & New Orleans track the engine ran into a Texas & New Orleans freight train which was crossing at the same time, and struck it about 300 feet behind the engine of the latter train. The result was more or less disastrous to the two trains, but no one except appellee claims to have been injured. On the Texas & New Orleans road near the point of intersection is a section house and siding, and at that point the Texas & New Orleans train had stopped just prior to the collision. The theory and contention of appellant is that its train was stopped before undertaking to cross. That the way seemed clear and its train was put in motion, when the Texas & New Orleans train (the approach of which was obscured by box cars on the section siding) proceeded to cross at a high rate of speed, and appellant's employes being unable to stop their train, it ran into the rapidly moving train of the other company. This theory had some support in the evidence, but other evidence amply supports the position of appellee that the Texas & New Orleans train stopped, whistled for the crossing, and, the way being clear, proceeded to cross, and that appellant's train, which had not come to a stop at or near the crossing, approached at a speed of ten or fifteen miles an hour and was thus negligently run into the other train.

Appellant undertakes to present forty assignments of error, but it is doubtful if any one is presented in such form as to require our notice. Many of them are so manifestly violative of the rules that appellee has ignored them, and we can not hold that he has exceeded his rights in so doing. We shall notice such only as serve to call our attention to matters, which, if error, may affect the justness of the result.

The cause was tried upon an amended petition filed more than two years after the accident, and was excepted to by defendant on the ground that the new matters set up therein were barred by limitation. No new matter was pleaded in the sense of appellant's contention. The original suit was for the losses suffered as a result of defendant's negligence. The amended petition asked only for greater sums, and elaborated the allegations as to defendant's negligence and the causes and manner of the accident. The cause of action is unchanged. The overruling of special exceptions complaining of the failure to itemize the physician's bill and bill for medicine, if error, was harmless, as the issue of liability upon those items was not submitted to the jury.

The thirty-fifth assignment is as follows: "The court erred in refusing to grant a new trial because the verdict of the jury is excessive and the result of passion and prejudice." The assignment is submitted as a propisition, and is followed by the following statement: "The verdict is for $20,000. The court required $5000 to be remitted. No such injuries were shown as to justify the jury in rendering so large a verdict."

The assignment presents the question of excessive verdict, but does not complain of the judgment as affected by the remitter. In the argument addressed to the point later on in the brief counsel discusses only the excessiveness of the verdict, and is insistent upon the proposition that the judgment should be reversed because the facts and the amount of the verdict show that the jury was influenced by passion and prejudice; that the trial court held that they were by requiring the remitter, and that as the passion affected the amount it naturally affected the verdict on the issue of liability. This question has heretofore been presented, and has been determined against the contention of appellant. Railway Co. v. Darby, 28 Texas Civ. App., 413, 4 Texas Ct. Rep., 359. The amount of the judgment is not formally complained of.

Appellant's brief has been carefully inspected, and we are of opinion no error is presented. The case has been well tried, and if the plaintiff and his witnesses have spoken the truth, the amount awarded ought not to be disturbed by this court. His injuries are shown to be serious, painful and permanent, and his earning capacity practically destroyed.

None of the other assignments will be discussed. Few, if any, are presented in such form as to require our notice. The judgment is affirmed.

*Affirmed.*

Writ of error refused.